IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL ROGERS, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 07-2214-An/P |
| | ◊ | |
| TONY PARKER, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER GRANTING THE MOTION TO DISMISS
FILED BY DEFENDANTS PARKER, STEWARD, AND ALEXANDER

On March 26, 2007, Plaintiff Michael Rogers, Tennessee Department of Correction prisoner number 126750, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the State of Tennessee, WTSP Warden Tony Parker, Henry Steward, Robert Beard, Robert Adams, Stacie Alexander, and Samantha Phillips in which he alleged that Defendants were deliberately indifferent to the need to protect inmates from exposure to tuberculosis. (Docket Entry ("D.E.") 1.) United States District Judge J. Daniel Breen issued an order on November 26, 2007 that, inter alia, denied appointment of counsel and directed the Clerk to issue process for, and the marshal to effect service on, the defendants. (D.E. 3.) Defendant Phillips answered the complaint on February 19, 2008. (D.E. 12.) On

February 19, 2008, Defendants Parker, Steward, and Alexander filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 13.) Plaintiff did not file a timely response to the motion. The case was reassigned to this judge on May 21, 2008. (D.E. 17.) The Court issued an order on July 11, 2008 directing Plaintiff to show cause, within thirty (30) days, why the motion to dismiss should not be granted. (D.E. 18.)[1]

Plaintiff has not responded to the show cause order, and the time for a response has expired. Pursuant to Local Rule 7.2(a)(2), the Court is not authorized to grant a dispositive motion solely because a parties has failed to respond. Similarly, the Sixth Circuit has held that it is an abuse of discretion for a district court to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. Carver v. Bunch, 946 F.2d 451, 453-54 (6th Cir. 1991). In this case, Plaintiff was notified of the consequences of a failure to respond to the motion, as the July 11, 2008 order provided, in pertinent part, that "[f]ailure timely to comply with this order may result in the dismissal of the complaint as to those parties, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (D.E. 18 at 2.) Nonetheless, because a Rule 41(b)

---

[1] The summonses issued to Defendants Beard and Adams were returned unexecuted, with notations that these parties are no longer employed at the WTSP. (D.E. 6 & 7.) To date, Plaintiff has not sought discovery of the home addresses of these individuals.

dismissal as to Defendants Parker, Steward, and Alexander would not terminate this action, the Court will address the motion to dismiss on the merits.

Defendants Parker and Steward seek dismissal of the complaint because it seeks to hold them liable as supervisors. Defendant Alexander also seeks dismissal of the complaint because there is no cause of action under § 1983 for failure to take corrective action in response to an inmate grievance.

There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). A supervisor can be held liable only if he or she "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or if the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of

the supervisor to perform a function he or she was legally obligated to perform, <u>Doe v. Claiborne County, Tenn.</u>, 103 F.3d 495, 511-12 (6th Cir. 1996).

Plaintiff also cannot sue any defendant for failing to take action in response to his grievances, letters, and petition. Pursuant to 42 U.S.C. § 1997e(b), "[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." <u>See also</u> <u>Argue v. Hofmeyer</u>, 80 F. App'x 427, 430 (6th Cir. 2003); <u>Shehee</u>, 199 F.3d at 300; <u>Smith v. Corrections Corp. of Am.</u>, 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner "had no constitutional right to . . . disciplinary or grievance systems that met his standards"); <u>Irvin v. Fluery</u>, No. 2:07-cv-117, 2007 WL 3036493, at *3 (W.D. Mich. Oct. 16, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access to an institutional grievance procedure."; <u>Mackey v. Carberry</u>, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007); <u>Holloway v. Drew</u>, No. 2:07-CV-160-MEF, 2007 WL 1175067, at *2 (M.D. Ala. Apr. 4, 2007) (report and recommendation); <u>Robertson v. Montgomery County</u>, No. 3 06 0435, 2006 WL 1207646, at *2 (M.D. Tenn. Apr. 27, 2006) ("[S]tate law does not create a liberty interest in the grievance procedure."); <u>Robinson v. Hastings</u>, 2006 WL 950185, at *4; <u>see also</u> <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a

4

prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

The complaint does not allege any specific actions, or failures to act, by Defendants Parker, Steward, and Alexander. It appears that Defendant Alexander was sued only because she allegedly failed to take appropriate action in response to Plaintiff's administrative grievance, and that the claims against Defendant Steward is also based, at least in part, in his role in adjudicating Plaintiff's grievance. Defendants Parker and Steward also appear to have been sued only because they hold the positions of Warden and Deputy Warden at the WTSP.

The Court GRANTS the motion pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Parker, Steward, and Alexander. The complaint is DISMISSED as to those parties.

IT IS SO ORDERED this 29th day of August, 2008.

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE